IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

WAYNE REDDICK,                              :
                                            :
          Petitioner                 :
                                            :
VS.                                         :
                                            :    CIVIL ACTION NO.: 7:07-CV-33 (HL)
HUGH SMITH, Warden,                         :
                                            :
          Respondent                 :
                                            :
_____ :

## **O R D E R**

      Petitioner **WAYNE REDDICK** has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1994 conviction in Tift County, Georgia. Petitioner has not paid the $5.00 filing fee; nor has he petitioned the Court to proceed *in forma pauperis*. However, because petitioner has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis.*

      Prior to filing the instant habeas petition, petitioner filed a previous federal habeas corpus petition challenging this same Tift County conviction. ***Reddick v. Smith***, 7:05-CV-121 (HL). On December 14, 2006, the District Court adopted the report and recommendation of United States Magistrate Judge Claude W. Hicks, Jr., and denied the petition. ***Id.*** at Doc. # 32. Upon appeal, the Eleventh Circuit Court of Appeals dismissed petitioner's appeal for want of prosecution because petitioner failed to pay the $455.00 docketing and filing fees or petition the District Court to proceed *in forma pauperis*. ***Reddick v. Smith,*** No. 06-16652-B (11th Cir. January 22, 2007).

      Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), ***cert. denied***, 528 U.S. 1085 (2000).

      This Court finds that petitioner seeks to challenge the validity his current conviction and

confinement, and that the instant petition is successive within the meaning of section 2244(b). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider petitioner's request for relief. It is therefore **ORDERED** that the instant petition be **DISMISSED** without prejudice to petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to section 2244(b)(3). The Clerk of Court is ordered to furnish petitioner with the application form required by the Eleventh Circuit for leave to file a successive habeas petition.

      **SO ORDERED**, this 5th day of April, 2007.

*s/     Hugh Lawson*

HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb